UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOHN PERRETTA,
    Plaintiff,

**COMPLAINT**

vs.

THE BOARD OF TRUSTEES
OF BROWARD COLLEGE,
    Defendant.
_____/

    Plaintiff, John Perretta, through his undersigned counsel, hereby files this Complaint, against the Defendant, the Board of Trustees of Broward College; and he states as follows:

## I.
## JURISDICTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, The jurisdiction of this Court, is invoked to secure the protection of and to redress the deprivation of rights, secured by 42 U.S.C. Section 2000(e), *et seq.*, against religious discrimination in the workplace.

2. Plaintiff also brings this case under the anti-retaliation provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-3(a), which forbids employers from retaliating, or from taking adverse personnel actions against employees, who exercise their lawful and protected rights under Title VII.

1

3. Plaintiff further brings this action pursuant to the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Section 621, *et seq.*, based upon the Defendant's policy and treatment of treating older workers, such as the Plaintiff, herein, in a disparate manner, in violation of the ADEA.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. Section 1343(3).

5. Venue is properly placed in this district, pursuant to 28 U.S.C. Section 1391(b), because it is where all of the parties resided and where the events complained of occurred.

6. Plaintiff, John Perretta ("PERRETTA"), previously filed a timely charge of employment discrimination, with the Equal Employment Opportunity Commission ("EEOC"), the federal agency, which is responsible for investigating claims of employment discrimination; and this charge of discrimination was filed, on or about August 6, 2014, alleging claims of religious discrimination, age discrimination, as well as retaliation.

7. The Plaintiff has complied with all administrative prerequisites, which are necessary to file a law suit, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, in that he filed an appropriate charge of discrimination, within the applicable time frames, and hence, he has exhausted all pertinent administrative procedures.

8. On March 20, 2019, the Miami District Office of the EEOC, issued a Letter of Determination, indicating that probable cause existed for finding statutory violations in this case for the bases of the charge of discrimination, namely, claims of religious

discrimination, age discrimination, as well as retaliation. [*See,* the EEOC's Letter Determination, which is attached to the Complaint, as **EXHIBIT A**].

9. Pursuant to the EEOC's Letter of Determination dated March 20, 2019, the Commission invited the parties to engage in the conciliation process [*See,* the EEOC's Letter Determination, which is attached to the Complaint, as **EXHIBIT A**]; however, conciliation efforts proved to be unsuccessful.

10. On March 2, 2020, the Miami District Office of the EEOC issued the Notice of Right to Sue Memorandum in this case; and Plaintiff had ninety (90) days from the issuance of the Notice of Right to Sue Memorandum, in which to file his Complaint in this Court; and Plaintiff has filed the instant Complaint within ninety (90) days of the issuance of the Notice of Right to Sue Memorandum. [*See,* a copy of the Notice of Right to Sue Memorandum, which is attached to the Complaint, as **EXHIBIT B**.]

## II.
## PARTIES

11. Plaintiff, John Perretta (hereinafter, referred to as, "PERETTA"), was forty four years old, at the time of the filing of the charge of discrimination; he was formerly employed by the Defendant as an Adjunct Professor; and at all material times herein, he was a resident of Davie Broward County, Florida.

12. Defendant, the Board of Trustees of Broward College (hereinafter, referred to as, "BROWARD COLLEGE," or as, the "Employer"), is a public community college, it operates and administers institutions of higher learning n Broward County, Florida;

3

through its responsible management officials; and acting through its Board of Trustees, the Defendant is responsible for administering personnel policies and procedures, including those personnel policies and procedures, governing workplace policies and procedures on discrimination, harassment and retaliation.

13. Defendant, BROWARD COLLEGE, is an, "employer," within the purview of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, since it employed in excess of fifteen (15) employees within the relevant time period, herein.

14. Defendant, BROWARD COLLEGE, an, "employer," within the purview of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e), *et seq.*, and it has an affirmative legal obligation, to undertake responsible and remedial measures when confronted with allegations of discrimination, harassment, and retaliation, when such conduct is perpetrated by its subordinate managers and supervisors.

15. Defendant, BROWARD COLLEGE, is an, "employer," within the purview of the ADEA, 29 U.S.C. Section 621, *et seq.*, since it employed in excess of fifteen (15) employees within the relevant time period, herein.

16. Defendant, BROWARD COLLEGE, an, "employer," within the purview of the ADEA, 29 U.S.C. Section 621, *et seq.*, and it has an affirmative legal obligation, to undertake responsible and remedial measures when confronted with allegations of discrimination, harassment, and retaliation, when such conduct is perpetrated by its subordinate managers and supervisors.

## III.
## FACTUAL ALLEGATIONS

17. Plaintiff was forty-four (44) years old as of the date of the filing of the charge of discrimination, in this case on 2014; and he was hired by the Defendant in the position of an Adjunct Professor, to teach Mathematics and Computer Science classes at BROWARD COLLEGE, located at 101 Las Olas Boulevard, in Ft. Lauderdale, Broward County, Florida.

18. In his position as an Adjunct Professor for the Defendant, Plaintiff was a member of a protected class, as an older worker, over the age of forty (40); and further, he was a member of a protected class, a specific religious group, namely, Kabbalistic (Jewish), and as a member of this religious group, he professionally interprets religious doctrine, through the use of mathematics and mathematical symbols.

19. Plaintiff possessed the requisite professional qualifications to teach mathematics classes, as an Adjunct Professor, he was a highly experienced instructor; and he held a master's degree, in Mathematics and Computer Science.

20. On or about October 1, 2012, duly authorized representatives of the Defendant, proceeded, without the consent, or authorization of the Plaintiff, to market his professional research; BROWARD COLLEGE wrongfully received substantial sums of compensation, in the millions of dollars in advertising and other related monetary benefits, for the educational institution, the Defendant Employer, to the detriment of the Plaintiff.

5

21. In addition, the former President of BROWARD COLLEGE, David J. Armstrong, led and spearheaded the unauthorized marketing and distribution of Plaintiff's work product, beginning in September of 2012.

22. Shortly thereafter, Plaintiff's religious group, Kabbalistic (Jewish), issued a written cease and desist letter to the Administration of BROWARD COLLEGE, requesting that the Defendant immediately cease using Plaintiff's protected professional work, solely for the monetary benefit of the Defendant employer, and against the financial interests of the Plaintiff.

23. The Administration of BROWARD COLLEGE continues to oppose and or prevent Plaintiff from publishing his work, by wrongfully and unlawfully stating that his proprietary work is the property of the Defendant employer, BROWARD COLLEGE.

24. Moreover, Plaintiff's immediate supervisor, at BROWARD COLLEGE, Mr. Tom Meyers ("MEYERS"), refused to accept Plaintiff's stated position, that his course work and professional presentations at the educational institution, was part and parcel of his *bona fide* religious beliefs.

25. Furthermore, another BROWRD COLLEGE supervisory employee, Lisa Barnes ("BARNES"), made offensive verbal discriminatory statements, which disparaged the religious nature of Plaintiff's professional work, she threatened to take away his class assignments, she refused to accept his professional position that his work at BROWARD COLLEGE was part of his religious calling, and she wrongfully and maliciously

proclaimed that the Administration had the authority to use and distort his professional work.

26. BARNES also openly proclaimed that the Defendant Employer had the unfettered discretion and unbridled authority, to use and to distort Plaintiff's stated professional work, as used in his position as an Adjunct Professor at BROWARD COLLEGE.

27. On or about May 7, 2014, in response to Plaintiff's religious and stated protected opposition to the taking of his original religious work, and or management's stated position, that it had the unfettered discretion and unbridled authority, to use and to distort Plaintiff's stated religious professional work, as used in his position as an Adjunct Professor at BROWARD COLLEGE, management transferred his assigned mathematics classes to a twenty two (22) year old employee, a graduate student, Ms. Lishon Savarino, who lacked the minimum qualifications to teach mathematics and or computer science classes; and who did not possess the required Master's Degree.

28. More specifically, Ms. Lishon Savarino did not hold the minimum six master's degree Level Math Classes, the minimum required certification, to teach mathematics classes.

29. Shortly thereafter, Plaintiff was removed by the BROWARD COLLEGE Administration from the Summer, 2014 Class Schedule.

30. On or about June 30, 2014, Plaintiff was removed by the BROWARD COLLEGE Administration, from the Fall 2014-2015 Class Schedule, resulting in his termination from employment; and further, Plaintiff was informed that during this period, beginning in June,

2014, Defendant no longer allowed faculty members, including the Plaintiff, to observe Jewish Holidays.

31. There was no legitimate business justification or reason, to remove Plaintiff from the Class Assignment Schedule in the Summer or Fall of 2014, he continued to perform his job functions in a successful and competent manner; and demand for his classes remained stable during this time period; the Defendant cannot meet is burden of persuasion, either for the substantive discrimination claims or for the claim of unlawful retaliation.

## COUNT I
### (RELIGIOUS DISCRIMINATION, VIOLATION OF TITLE VII)

32. Plaintiff restates and re-avers the allegations contained within Paragraphs 1-31 of the Complaint, as if fully set forth herein.

33. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), *et seq.*, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon religious classifications, considerations, or religious based, reasons.

34. The Plaintiff follows the commandments of a religious group, Kabalistic (Jewish); and he possessed the requisite qualifications and skills to perform the job functions, as an Adjunct Professor, teaching college level classes, in Mathematics and Computer Science.

35. Despite Plaintiff's job qualifications and professional experience, he was consistently and regularly subjected to discrimination and or harassment by Defendant's management, based upon his religious beliefs.

8

36. The Administration refused to accept Plaintiff's professional position that his work at BROWARD COLLEGE was part of his religious calling, and the Administration further wrongfully and maliciously proclaimed that management and or supervisory personnel had the authority to use and distort his professional religious based work.

37. In addition to being subjected to offensive, religious based comments by Defendant's supervisory personnel, PERRETTA was subjected to adverse employment actions, based upon his religious affiliation, due to the fact that his course assignments were removed, leaving him with no work to perform as an employee of BROWARD COLLEGE.

38. As a direct and proximate result of the Defendant's unlawful acts, PERRETTA has suffered great and irreparable economic harm and other associated losses.

39. The Defendant Employer failed to take appropriate remedial measures to end the unlawful and discriminatory disparate treatment, based upon Plaintiff's religious affiliation.

40. The Defendant employer further prohibited employees, including the Plaintiff, from celebrating Jewish Holidays, particularly the Jewish New Year, as further evidence of management's religious based *animus*.

41. Moreover, as a further result of the Defendant's unlawful religious-based conduct, the Plaintiff has been compelled to retain undersigned counsel and he has incurred attorney's fees and costs.

**WHEREFORE**, the Plaintiff, JOHN PERRETTA, respectfully requests that this Court enter judgment against the Defendant, the BOARD OF TRUSTEES OF BROWARD COLLEGE; and find that the Defendant indeed violated Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. Section 2000e-2(a), for engaging in an unlawful act of disparate treatment, and order the following additional relief:

A) Award the Plaintiff actual damages, including appropriate amounts of back pay and front pay, as well as compensatory damages;

B) Award the Plaintiff his costs and a reasonable attorney's fee;

C) Enjoin the Defendant from continuing its discriminatory practices; and

D) Grant any and all appropriate relief, which the Court deems to be just, proper, and equitable.

## COUNT II
### (VIOLATION OF TITLE VII, TERMINATION, AS A FORM RETALIATION)

42. Plaintiff restates and re-avers the allegations contained within Paragraphs 1-31 of the Complaint, as if fully set forth herein.

43. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a) contains an anti-retaliation provision, forbidding employers from retaliating, or from taking an adverse personnel action against employees, who exercise their lawful and protected rights under Title VII.

44. Section 2000(e)-2(a) of Title VII of the Civil Rights Act of 1964, as amended, reads as follows:

It shall be an unlawful employment practice for an employer to discriminate against any of its employees . . . because he or she has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

45. Plaintiff stated to the BROWARD COLLEGE Administration that his professional course work was part and parcel of his religious calling; and this statement of his position; and his objection to management of appropriating his professional course work for its own purposes, was protected expression, in opposition to management's stated forms of religious discrimination, including BARNES' discriminatory statements, based upon Plaintiff's religious group.

46. The predicate retaliatory conduct of BROWARD COLLEGE management, was inconsistent with fundamental principles of equal employment opportunity, including, but not limited to retaliating against employees, such as the Plaintiff, who make *bona fide* internal complaints of employment discrimination; as a result of Plaintiff's internal complaints of discrimination, he was removed from the Summer 2014 Class Schedule, as well as from the Fall 2014 Class schedule.

47. As a direct and proximate result of the unlawful acts of the Defendant, in implementing predicate acts of retaliation, Plaintiff has suffered great and irreparable economic harm, including the loss of his position with the Defendant, as well as compensatory damages, and other associated losses.

48. Moreover, as a further result of Defendant's unlawful retaliatory conduct, Plaintiff has been compelled to retain counsel and he has incurred attorney's fees and costs.

**WHEREFORE**, Plaintiff, JOHN PERRETTA, respectfully requests that this Court enter judgment against the Defendant, the BOARD OF TRUSTEES OF BROWARD

COLLEGE; and find that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e)-2(a), and order the following additional relief:

 A) Award the Plaintiff actual damages, including appropriate amounts of back pay, front pay, as well as compensatory damages;

 B) Award the Plaintiff his costs and a reasonable attorney's fee;

 C) Enjoin the Defendant from continuing its discriminatory practices; and

 D) Grant any and all appropriate relief, which the Court deems to be just, proper and equitable.

## COUNT III
### (VIIOLATION OF THE ADEA, DISPARATE TREATMENT)

49. Plaintiff restates and re-avers the allegations contained within Paragraphs 1-31 of the Complaint, as if fully set forth herein.

50. The ADEA makes it unlawful for employers, their agents and representatives, to take adverse personnel actions, against their employees, on the basis of that employee's age, *see*, 29 U.S.C. Section 623 (a) (1).

51. Plaintiff was forty-four (44) years old, a member of the protected class, under the ADEA, as of the date his class assignments, were unlawfully removed in the Summer and Fall of 2014; and he was then fully qualified to teach Mathematics and Computer Science Classes, as an Adjunct Professor for the Defendant.

52. A significantly younger employee, a twenty-two (22) year old graduate student, without the requisite educational qualifications, was hired to replace the Plaintiff, as an Adjunct

Professor, to teach Mathematics and Computer Science Classes at BROWARD COLLEGE.

53. Replacing the Plaintiff with an unqualified twenty-two (22) year old employee, evidences the discriminatory and unlawful actions, against the Plaintiff, on the basis of unlawful disparate treatment.

54. The Defendant's violation of the ADEA were intentional and willful.

55. As a direct and proximate result of the foregoing violations of the ADEA, the Plaintiff has sustained economic and non-economic damages, including, but not limited to, denial of wages and other benefits, lost interest on those wages and other benefits, and the loss of any potential opportunity to advance within BROWARD COLLEGE.

56. **WHEREFORE**, Plaintiff, JOHN PERRETTA, respectfully requests that this Court enter judgment against the Defendant, the BOARD OF TRUSTEES OF BROWARD COLLEGE; and find that the Defendant violated the ADEA, 29 U.S.C. Section 621, *et seq.*, and order the following additional relief:

   A) Lost wages, employment benefits and other compensation lost to him, as a result of the Defendant's discrimination, on the basis of Plaintiff's age, and prejudgment interest;

   B) Liquidated damages, or doubling the award of compensation and other employment benefits, lost to him, including interest, as a result of the Defendant's predicate acts of age discrimination;

   C) Reinstatement to the job of Adjunct Professor, or to a comparable job and back pay, or in the alternative, pay for such a job beginning on the date the position in question was

filled and extending for a reasonable period of time into the future, as an award of front pay;

D) Reasonable attorney's fees, the costs and expenses of this action; and

E) Such other and further relief that the Court deems to be just, proper and appropriate.

### Demand for Jury Trial

The Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33316
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-Mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
By: Mark J. Berkowitz

Dated on this 9th day of April, 2020.

